**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:19-cv-22529-CMA

MARISELA MATA, *et al.*,

Plaintiffs,

v.

EXPEDIA GROUP INC., *et al.*,

Defendants.

_____/

## <u>ORDER ON DISCOVERY HEARING</u>

**THIS MATTER** came before the Court for a discovery hearing on April 29, 2026, on Plaintiffs' Notice of Issues for Discovery Hearing [ECF No. 265] (the "Hearing Notice"). The Court, having reviewed the Hearing Notice, having heard oral argument on the disputes at the hearing, and being duly advised about the applicable facts and law, hereby **ORDERS**:

1. As to Plaintiffs' contention that Defendants failed to adequately prepare a Rule 30(b)(6) designee to testify on Topic No. 7 in Plaintiffs' Second Amended Notice of Videotaped Deposition of Defendants' Corporate Representative (the "30(b)(6) Notice") and their request to compel Defendants to designate another witnesses on that topic—i.e., "Annual metrics from 2016 to the present regarding revenue or any other economic benefit derived from the sale or use of Subject Hotel customer data"—the Court **DENIES** Plaintiffs' request and finds that Defendants' designee on Topic No. 7 was adequately prepared to testify on that Topic. Indeed, the corporate representative on Topic No. 7, Vinod Ponnusamy, testified as to the value of non-Clickstream data and Clickstream data (data created even when no booking is made).

> Q. Then I believe you said that that data that is retained for longer than 37 months is retained for things like regulatory requirements, servicing bookings and sort of stuff like that for other purposes; is that right?
> A. Yes, exactly.

> Q. So is that non-ClickStream data ever used for things like Website optimization?
> A. No. It wouldn't have value for that. The grain and also the inherent privacy standards behind most of that longer retained data. It wouldn't be used in current times either.
> Q. Let me ask you what impact on the operating defendants Website optimization would ClickStream data associated with one hotel have?
> A. Pretty much nothing.

[Ponnusamy Dep., 112:8–23]. Further, the Court notes that Defendants' corporate representative, Ricardo Valdes, who testified on Topic No. 11—i.e., "Design and execution of marketing campaigns or advertising efforts to promote the Subject Hotels, including the manner in which the Subject Hotels were described, displayed, or promoted on your (or your travel brand's) websites"—may have been the proper witness to respond to Plaintiffs' questions regarding how customer data was used in Defendants' marketing and advertising efforts. Defendants contend that Plaintiff simply failed to direct the question to Mr. Valdes.

2.      As to Plaintiffs' request to compel Defendants to present a Rule 30(b)(6) designee to testify on Topic 15—i.e., "[t]he general number, nature, and identity of other hotels and accommodations in Cuba for which you offered bookings from 2016 to the present"—the Court notes that Plaintiffs withdrew this request. The request is therefore **DENIED** as moot.

3.      As to Plaintiffs' contention that Defendants' failed to present an adequately prepared Rule 30(b)(6) designee on information related to Trivago—which is within the scope of a number of the Topics in the Rule 30(b)(6) Notice—and Plaintiffs' contention that Defense counsel improperly instructed designees not to answer questions, the Court finds that the information Plaintiffs seek concerning Trivago is irrelevant to the pleaded claims and defenses in this case, for the reasons explained in the Court's previous Discovery Order. [ECF No. 242]. The Court therefore **DENIES** Plaintiffs' request for relief based on this issue.

4.      As to Plaintiffs' request to compel a response to Plaintiffs' Request for Production No. 2, served March 19, 2026, the Court **SUSTAINS** Defendants' objections to that Request and

**DENIES** Plaintiffs' request to compel documents in response to that Request, for the reasons stated on the record.

5.      As for the third item listed in the Hearing Notice—i.e., Plaintiffs' contention that Defendants waived attorney–client privilege over certain matters due to deposition testimony given by former employee Veronica Cassano—the Court reserves its ruling on this issue pending review of the deposition transcript.

**DONE AND ORDERED** in Miami, Florida, this 14th day of May 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record